IN RE:                                                Case No. 19-46202

KHALID ABUALI,                         Chapter 7

         Debtor.                               Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE DEBTOR'S MOTION TO CONVERT TO CHAPTER 13**

**I. Introduction**

This case came before the Court for a hearing on October 2, 2019, followed by an evidentiary hearing on November 25, 2019, on the Debtor's motion entitled "Motion of Conversion of Chapter 7 Proceeding to Chapter 13 Proceeding Pursuant to 11 U.S.C. 706" (Docket # 67, the "Motion"). The Chapter 7 Trustee objected to the Motion. Counsel for the Debtor and counsel for the Chapter 7 Trustee appeared at both hearings, and the Debtor appeared at the November 25, 2019 evidentiary hearing.

The Court has considered all of the written and oral arguments, and filed exhibits, of the Debtor and the Chapter 7 Trustee regarding the Motion. The Court also has considered all of the exhibits that were admitted into evidence during the November 25, 2019 evidentiary hearing, namely, the Trustee's Exhibits A through Q, and the Debtor's Exhibits 1 and 3-7.[1] And the Court has considered the testimony of the witnesses presented during the evidentiary hearing, namely, the Debtor Khalid Abuali and Christopher Ayers, the Trustee's realtor who was retained to help the Trustee market and sell the Debtor's real estate, located at 2032 Tradition Dr., Canton, Michigan.

---

[1] The Debtor's Exhibit 2 was discussed, but never admitted into evidence, during the evidentiary hearing.

This Opinion states the Court's findings of fact and conclusions of law regarding the Motion. For the reasons stated in this Opinion, the Court will grant the Motion, with certain conditions.

## II. Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case and this contested matter under 28 U.S.C. §§ 1334(b), 157(a) and 157 (b)(1), and Local Rule 83.50(a) (E.D. Mich.). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This matter also is "core" because it falls within the definition of a proceeding "arising under title 11" and of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b). Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings. *See Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009). This matter is a proceeding "arising under title 11" because it is "created or determined by a statutory provision of title 11," *id.*, including 11 U.S.C. § 706(a). And this matter is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *Id.*

## III. Discussion

### A. The Trustee's contentions

The Chapter 7 Trustee argues that the Debtor is guilty of bad faith, such that the Court should deny the Debtor's Motion to convert based on the United States Supreme Court's decision in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007).

In *Marrama*, the Supreme Court held that a bankruptcy debtor's right under 11 U.S.C.

2

§ 706(a)[2] to convert from Chapter 7 to Chapter 13 is not absolute. Rather, the Court held that the bankruptcy court can deny conversion if the debtor has acted in bad faith before seeking to convert, either during the Chapter 7 case or before the bankruptcy case. *See also In re Copper*, 426 F.3d 810, 814-16 (6th Cir. 2005) (a pre-*Marrama* case); *In re Sammut*, 486 B.R. 404, 407-08 (Bankr. E.D. Mich. 2012) (discussing and applying *Marrama*).

The Trustee also argues that the Court should deny the Debtor's Motion because the conversion of this case would be futile, because the Debtor would not be able to obtain confirmation of a Chapter 13 plan if this case were converted to Chapter 13.

**B. The Court's findings and conclusions**

Considering all the evidence, the Court cannot find or conclude any of the following things: (1) that the conversion of this Chapter 7 case to Chapter 13 would be futile; (2) that the Debtor could not obtain confirmation of a Chapter 13 plan if this case were converted to Chapter 13; or (3) that the Debtor could not fully perform a confirmed Chapter 13 plan if this case were converted to Chapter 13.

Nor can the Court find that the conversion of this case to Chapter 13 at this time would likely lead to delay prejudicial to creditors and the bankruptcy estate, given the conditions that the Court will impose, described below.

Nor can the Court find that the Debtor is guilty of *disqualifying* bad faith — *i.e.*, bad faith

---

[2] Section 706(a) applies in Chapter 7 cases, and says that:

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

3

that would lead this Court, in the exercise of its discretion under *Marrama*, to deny the Debtor the right to voluntarily convert this case to Chapter 13. This includes the Debtor's conduct in any of the following: (1) any bad faith in filing this Chapter 7 bankruptcy case; (2) any bad faith in the Debtor's actions and omissions after the filing of this bankruptcy case; (3) any bad faith in the Debtor's filing and prosecution of his Motion to convert this case to Chapter 13.

**C. Conditions**

The Court therefore will grant the Debtor's Motion, and convert this case to Chapter 13. But in doing so, the Court will set certain conditions, which the Court finds necessary and appropriate under the circumstances, and all of which the Debtor has agreed to, as stated by Debtor's counsel on the record during the evidentiary hearing. These conditions are:

1. If the Debtor is unable or unwilling to confirm a Chapter 13 plan, or is unable or unwilling to fully perform a confirmed Chapter 13 plan, or if any cause ever exists or arises under 11 U.S.C. § 1307(c), or otherwise, to dismiss or convert this case, this case may be converted back to Chapter 7. But at no time may this case be dismissed, without the written consent of counsel for the Chapter 7 Trustee, who the Court anticipates will hold an allowed Chapter 7 administrative claim in this case.[3]

2. If the Debtor ever fails to timely make any pre-confirmation payment(s) to the Chapter 13 Trustee as required by 11 U.S.C. § 1326(a)(1)(A), or ever fails to make any plan payments required under a confirmed Chapter 13 plan, either the Chapter 13 Trustee or counsel for the Chapter 7 Trustee, or both, may file a notice of such default and serve it on the Debtor and the Debtor's counsel, and the Debtor thereafter will have 30 days to cure all payment

---

[3] *See, e.g., In re Brayan*, 602 B.R. 350, 351, 351 n.1 (Bankr. E.D. Mich. 2019).

defaults. If the Debtor then fails to timely and fully cure such payment default(s), then either the Chapter 13 Trustee or counsel for the Chapter 7 Trustee, or both, may file an affidavit so attesting, and submit a proposed order converting this case back to Chapter 7, and the Court may convert this case back to Chapter 7, without further notice or hearing.

## IV. Conclusion

For the reasons stated in this Opinion, the Court will enter an order granting the Debtor's Motion and converting this case to Chapter 13, effective immediately, subject to the conditions described above.

**Signed on November 26, 2019**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge